UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUSTIN WORTH, an individual,

    Plaintiff,

v.                                    Case No: 2:18-cv-00257-UA-CM

CITY OF SANIBEL, FLORIDA, a
political subdivision of the
State of Florida,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, or Alternatively, Motion for a More Definite Statement (Doc. #10) filed on May 23, 2018. Plaintiff filed a Response in Opposition (Doc. #11) on May 25, 2018. For the reasons set forth below, the Motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Plaintiff Dustin Worth (plaintiff or "Worth") initiated this action by filing a three-count Complaint (Doc. #1) against his

former employer, the City of Sanibel, Florida (defendant or "the City"), alleging retaliation under Title VII of the Civil Rights Act of 1964 (Id., ¶¶ 22-33), 42 U.S.C. § 2000e, et seq., the Florida Civil Rights Act (FCRA) (Id., ¶¶ 34-44), Fla. Stat. § 760.10(7), and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. (Id., ¶¶ 45-54.) The City's police department employed Worth from December 28, 1988 to June 28, 2017, and he was a Senior Sergeant at the time of his separation from employment. (Id., ¶¶ 9, 20.) Worth claims that he was in good-standing with defendant until he objected to sexual harassment and gender discrimination, and took leave under the FMLA. (Id., ¶ 11.)

The following events led to Worth's separation of employment: On June 8, 2016, a subordinate officer of plaintiff filed a complaint of sexual harassment against another coworker. (Doc. #1, ¶ 12.) The City interrogated Worth as part of its investigation into the matter. In his interrogation, plaintiff opposed the sexual harassment that his female subordinate experienced, and alleged that defendant was attempting to cover up the activity. (Id., ¶ 15.) Plaintiff also opposed defendant's offer of promoting the female subordinate to resolve her complaint, because it would result in the "disenfranchise[ment] [of] well-qualified male applicants eligible for the promotion through the Collective Bargaining Agreement." (Id.)

On October 20, 2016, plaintiff took 12 weeks of approved FMLA leave. (Doc. #1, ¶ 16.) On October 26, 2016, defendant concluded its investigation and found no wrongdoing by any officer except for Worth because of his failure to report the sexual harassment. (Id., ¶ 17.) Upon returning from FMLA leave on January 12, 2017, defendant issued plaintiff a 2-week suspension, rendering him ineligible for a promotion. (Id., ¶ 18.) Plaintiff alleges that retaliation continued thereafter in the form of shift alterations and denial of pay raises given to other similarly situated coworkers. (Id., ¶ 19.)

Around May 9, 2017, defendant began another internal affairs investigation against plaintiff. (Doc. #1, ¶ 20.) On May 16, 2017, plaintiff filed a Charge of Discrimination with both the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), due to ongoing retaliation. (Doc. #11-1.) Plaintiff alleges that the City's internal affairs investigation ultimately caused his separation from employment on June 28, 2017. (Doc. #1, ¶ 20.) Plaintiff received a Notice of Right to Sue from the EEOC (Doc. #1-1) on January 29, 2018. (Doc. #1, ¶ 8.) He filed this lawsuit on April 19, 2018. (Doc. #1.)

**III.**

Defendant first argues that the Title VII (Count I) and FCRA (Count II) claims are due to be dismissed because plaintiff failed to exhaust administrative remedies. (Doc. #10, p. 2.) Second, defendant argues that the retaliation claims are "predicated upon an alleged change in work schedule" which "do not constitute an adverse employment action." (Id.) Finally, in the alternative, defendant moves for a more definite statement, averring that the Complaint is intentionally vague and omits critical details, depriving the City a fair opportunity to respond adequately. (Id.)

**A. Exhaustion of Administrative Remedies**

Worth filed his Charge of Discrimination on May 19, 2017 (without any subsequent amendments), prior to his separation from employment. Defendant argues that plaintiff's separation from employment is "a discrete act of retaliation which must be addressed in [an additional] charge of discrimination", which Worth never filed. (Doc. #10, p. 2.)

"The purpose of exhaustion is to permit the [administrative agency] the first opportunity to investigate the alleged discriminatory or retaliatory practices." Basel v. Sec'y of Def., 507 F. App'x 873, 875 (11th Cir. 2013) (citing Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004)). "[A] plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of

the [] charge of discrimination or retaliation." Id. "Judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the charges made before the agency, and, given [the reluctance of courts] to allow procedural technicalities to bar [] claims, the scope of the [EEOC] charges should not be strictly construed." Id. at 876. In other words, if a judicial complaint asserts retaliation claim(s) that reasonably manifested from an earlier EEOC charge, then no further exhaustion is required. See Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988); see also Gupta v. E. Tex. State Univ., 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981).[1]

The City argues that plaintiff's termination was a "discrete act" of retaliation that must be raised in a new Charge, but based on the facts of this case, a new charge after his termination was not required. Plaintiff filed a Charge of Discrimination on May 16, 2017, asserting ongoing retaliatory conduct by defendant. (Doc. #11-1.) The City terminated plaintiff while the EEOC's investigation was pending and before the EEOC issued a right-to-sue letter. The termination is not a separate act that requires a new EEOC Charge; rather, it grows out of or is the culmination

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of the alleged ongoing efforts of the City. "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory, 355 F.3d at 1279. That purpose is fulfilled here. Therefore, the motion to dismiss Counts I and II on this basis is denied.

**B. Adverse Employment Action**

Defendant next argues that plaintiff's Title VII, FCRA, and FMLA retaliation claims fail because altering Worth's shift schedule does not qualify as a material adverse employment action. (Doc. #10, p. 4.) Plaintiff responds that he alleges more than adverse shift changes, including termination, which is an adverse employment action. The Court agrees.

In order to state a prima facie claim of retaliation under Title VII, the FCRA,[2] and the FMLA, plaintiff must demonstrate that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. Cotton v.

---

[2] "Because [Fla. Stat. § 760.10(7)] of the FCRA is almost identical to its federal counterpart, 42 U.S.C. § 2000e-3(a), Florida courts follow federal [Title VII] case law when examining FCRA retaliation claims." Hinton v. Supervision Int'l, Inc., 942 So. 2d 986, 989 (Fla. 5th DCA 2006); Forbes v. City of North Miami, 509 F. App'x 864, 867 n.1 (11th Cir. 2013).

Cracker Barrel Old Country Store, 434 F.3d 1227, 1233 (11th Cir. 2006) (Title VII); Carter v. Health Mgmt. Assocs., 989 So. 2d 1258, 1263 (Fla. 2d DCA 2008) (FCRA); Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1268 (11th Cir. 2008) (FMLA). Moreover, "to prove adverse employment action in a case under Title VII[]. . . an employee must show a serious and material change in the terms, conditions, or privileges of employment." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001).

Here, defendant argues that plaintiff was not subjected to an adverse employment action because the Complaint contains no allegations that plaintiff's shift change resulted in a reduction in pay, hours, or benefits. (Doc. #10, p. 5.) Even so, plaintiff alleges that he was separated from employment, which constitutes an adverse employment action. See Rodriguez v. City of Doral, 863 F.3d 1343, 1350 (11th Cir. 2017) (citing McCabe v. Sharrett, 12 F.3d 1558, 1563 (11th Cir. 1994)) ("Of course, termination constitutes an adverse employment action."). Thus, plaintiff has plausibly alleged an adverse employment action.

**C. More Definite Statement**

Defendant alternatively moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e), arguing that the Complaint "omits critical facts" regarding the internal affairs investigation, its conclusions, and the nature of plaintiff's separation from employment. (Doc. #10, p. 5.) "A party may move

8

for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Here, plaintiff's Complaint is not so vague or ambiguous that defendant cannot reasonably prepare a response. Plaintiff has sufficiently alleged ongoing retaliation that ultimately culminated in his separation from employment. Thus, defendant's request for a more definite statement is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss, or Alternatively, Motion for a More Definite Statement (Doc. #10) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

9